**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| DEBRA MILANO,<br><br>                    Plaintiff,<br><br>          v.<br><br>IKEA HOLDING US, INC., IKEA US RETAIL, LLC, AND IKEA NORTH AMERICA SERVICES, LLC<br><br>                    Defendants. | Civil Action No.: 20-6307-AB |

**BRIEF IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

I.      **INTRODUCTION**

Plaintiff Deborah Milano ("Plaintiff") purports to assert a claim of age discrimination under the New Jersey Law Against Discrimination ("NJLAD") based on a "pattern-or-practice" theory of liability.[1] But, the clear weight of authority establishes that "pattern or practice" claims are not permitted outside of the class action context. Because Plaintiff has asserted an individual claim, Plaintiff should be prohibited from asserting a claim under a pattern or practice theory.

Plaintiff alternatively asserts a disparate impact claim that is ostensibly based on "facially neutral" IKEA policies pertaining to "assessment and identification of the potential of its employees" and "policies regarding relocation," which are alleged to have resulted in a "statistically significant disparity in the promotion rates of its older employees."  ECF No. 1, ¶ 64. Count I, which incorporates all preceding paragraphs of the Complaint, should be dismissed with prejudice to the extent it asserts a disparate impact claim because Plaintiff never alleges any well-

_____

[1] Defendants move for partial dismissal because they do not contend Plaintiff is entirely prohibited from pursuing a claim under the NJLAD.

pleaded facts that causally connect her alleged injury (failure to be promoted) to any of the challenged policies asserted in the disparate impact claim.

## II.      PROCEDURAL HISTORY

Plaintiff submitted a Notice of Consent to Join the following collective action cases currently pending before the Court: *Paine v. IKEA US HOLDING, Inc. et al.*, No. 19-723-AB and *Antonelli v. IKEA HOLDING US, Inc. et al.*, No. 19-1286-AB.  On December 15, 2020, Plaintiff filed this Complaint.  Count I, which "incorporates by reference paragraphs 1 through 84 of the Complaint," asserts a claim for age discrimination in violation of the NJLAD.

IKEA now submits this Partial Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Count I to the extent it is based on a promotion decision occurring outside the two-year statute of limitations period, to the extent it asserts a claim under a pattern or practice theory, or asserts a disparate impact claim.  IKEA is concurrently filing a Motion to Transfer pursuant to 28 U.S.C. § 1404(a).

## III.     SUMMARY OF PLAINTIFF'S FACTUAL ALLEGATIONS RELEVANT TO HER CLAIMS[2]

Without any factual support, Plaintiff attributes her failure to be promoted to age discrimination. More specifically, she contends she was rejected for: (1) an Active Selling Leader position at IKEA Paramus that she applied for in or about February 2018 and (2) Leader positions at IKEA Paramus she applied for in or about February 2019.  ECF No. 1 ¶ 68.  Plaintiff merely contends she was qualified for the positions but provides no facts to substantiate the allegations that she would have been promoted but for her age.   Instead, the Complaint contains various

---

[2] Pursuant to the standard of review applicable to a motion to dismiss, the facts stated herein are taken from Plaintiff's Complaint and are accordingly asserted as alleged herein for purposes of this Motion only.  IKEA reserves the right to dispute these facts at a later time.

recycled allegations from the *Donofrio/Paine/Antonelli* collective actions, pertaining to an alleged "corporate culture of age bias." ECF 1, ¶ 43. For example, Plaintiff contends IKEA has "continued to engage in a pattern and practice of age discrimination, including its general and pervasive corporate policy of preferring younger candidates for promotion, that has adversely affected its older employees, including Plaintiff Milano." ECF 1, ¶¶ 61, 67.  She further contends that Plaintiff also alleges that IKEA "policies and practices" pertaining to the "assessment and identification of the potential of its employees," and "policies regarding relocation" have resulted in a "statistically significant disparity in the promotion rates of its older employees." ECF 1, ¶ 64.  Plaintiff, however, does not allege any well-pleaded facts in the Complaint that *she* was harmed as result of either alleged "practice or policy," including that her failed promotion in February 2019 was impacted by any  "potential assessment" and/or relocation preference.

## IV.     STANDARD OF REVIEW

Dismissal for failure to state a claim is proper if the factual allegations are not "enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id*. at 1949. A court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss."  *Morse v. Lower Merion Sch. Dist*., 132 F.3d 902, 906 (3d Cir. 1997).  Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).  Indeed, to survive a motion to dismiss, a complaint "must do more than allege the

plaintiff's entitlement to relief" – it must "show" such entitlement through factual allegations. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

In addition, at the pleading stage, it is the plaintiff's burden to allege facts sufficient to establish her standing to invoke the court's jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 501-02 (1975) ("It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute . . . ."). Thus, standing may be challenged on a motion to dismiss pursuant to Rule 12(b)(1). *See Newark Branch, N.A.A.C.P. v. Town of Harrison*, *NJ*, 907 F.2d 1408, 1416 (3d Cir. 1990) (holding district court did not err in dismissing case for failure to sufficiently allege standing).

## V.     ARGUMENT

Plaintiff's claims that are based on alleged adverse promotion decisions that occurred more than two years prior to the filing of the Complaint should be dismissed as untimely.  Additionally, Count I, which purports to assert a disparate treatment "pattern or practice" claim, should be dismissed with prejudice because such claims are not permitted outside of the class action context. Further, Count I purports to assert a disparate impact claim, which should be dismissed because Plaintiff lacks standing to pursue such a claim.

### A.  Plaintiff's Claims Based On Promotion Decisions That Occurred Beyond the Two-Year Limitations Period Should be Dismissed

The New Jersey Supreme Court unequivocally held that a two-year statute of limitations applies to all claims under the NJLAD in which the operative facts arose after July 27, 1993. *Montells v. Haynes*, 133 N.J. 282, 298 (1993); *Jackson v. Chubb Corp.*, 45 F. App'x. 163, 165 (3d Cir. June 7, 2002).  Count I alleges that Defendants "unlawful conduct in failing to promote and reject Plaintiff Milano *for each of the Team Leader positions*, have violated the New Jersey Law Against Discrimination."  ECF No. 1, ¶ 86.  While Plaintiff explicitly asserts that her rejection in

4

2019 for the Leader positions in Paramus are timely under the NJLAD (ECF No. 1, ¶ 70), the Complaint is silent on the timeliness of the alleged application in February 2018 for promotion to Active Selling Leader in the Paramus, New Jersey Store.  *Id.* at ¶ 68b.  Compounding the ambiguity, Count I "incorporates by reference paragraphs 1 through 84 of the Complaint as if fully set forth herein."  *Id.* at ¶ 85.  Accordingly, for the avoidance of doubt, the Court should grant Defendants' Partial Motion to Dismiss and dismiss Count I as to the February 2018 application.

### B. Plaintiff's "Pattern-or-Practice" Claim Should Be Dismissed Because It Is Not Permitted Outside of the Class Action Context

Plaintiff asserts a disparate treatment claim based on Defendants' alleged "pattern and practice of age discrimination, including its general and pervasive corporate policy of preferring young candidates for promotion, that has adversely affected its older employees, including Plaintiff Milano."  ECF 1, ¶ 61.  Age discriminations claims "under the ADEA and LAD are governed by the same standards and allocation of burdens of proof."  *Lawrence v. Nat'l Westminster Bank N.J.*, 98 F.3d 61, 65 (3d Cir. 1996); *Hanna v. Lincoln Fin. Grp.*, No. 19-2273, 2020 WL 6445932, at *8 (E.D. Pa. Nov. 3, 2020).  As a matter of law, pattern-or-practice claims are not permitted outside of the class action context.  For this reason, Count I should be dismissed with prejudice to the extent it asserts a claim under a pattern or practice theory**.**

In *International Brotherhood of Teamsters v. U.S.*, 431 U.S. 324 (1977), the Supreme Court established an evidentiary framework for a disparate treatment claim based on an employer's "pattern-or-practice" of discrimination. *Id* at 336.  Under the *Teamsters* framework, a plaintiff must "'show that the defendant regularly and purposefully treated members of a protected group less favorably and intentional discrimination was the employer's standard operating procedure; the employee can prove this through a combination of statistics and anecdotes.'" *Duffy v. Sodexho,*

*Inc.*, No. 05-5428, 2008 WL 4919399, at *16 (E.D. Pa. Nov. 17, 2008) (quoting C.J.S. Civil Rights Section 238).

"The Supreme Court has never applied the *Teamsters* method of proof in a private, non-class suit charging employment discrimination." *Lowery v. Circuit City Stores, Inc.*, 158 F.3d 742, 761 (4th Cir. 1998) (citing *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 876 (1984)). And, every court (of which IKEA is aware) to have considered the issue has held that "pattern or practice" claims, such as the one asserted by Plaintiff, are not permitted outside of the class action context. *See, e.g., Duffy,* 2008 WL 4919399, at *16; *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 355-56, n. 4 (5th Cir. 2001) (noting that "the typical pattern or practice discrimination case is brought either by the government or as a class action establish that unlawful discrimination has been a regular procedure or policy followed by an employer or group of employers.") (internal quotes omitted), *abrogated on other grounds* by *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 866 n. 6 (7th Cir. 1985) (stating that pattern and practice claims "by their very nature, involve claims of classwide discrimination"); *Chin v. Port Auth. Of N.Y. & N.J.*, 685 F.3d 135 (2d Cir. 2012) (holding "pattern or practice" claims are not permitted outside of class action context; "[p]ermitting private plaintiffs to use the pattern-or-practice method of proof outside of the class action context would require us to extend this method beyond its current application . . . .").

Indeed, this Court addressed the issue directly in *Duffy* where, like here, the plaintiffs attempted to assert a "pattern-or-practice" disparate treatment claim under the ADEA, citing numerous instances of alleged adverse employment decisions. *Duffy,* 2008 WL 4919399, at *16. Recognizing that every circuit court to have considered the issue has concluded pattern-or-practice claims are not allowable outside of the class action context, the court dismissed the plaintiffs'

claim.  *Id.* (collecting cases).  Numerous district courts within the Third Circuit have held the same and routinely dismiss individual non-class disparate treatment claims purportedly based on a "pattern or practice" theory of liability.  *See, e.g., Supinski v. United Parcel Service*, No. 06-0793, 2010 WL 569842, at * 10 (M.D. Pa., Feb. 11, 2010) (holding that individual, non-class plaintiffs cannot maintain a "pattern or practice claim"), *rev'd on other grounds*, 413 F. App'x. 536 (3d. Cir. 2011); *Roberson v. Post Com. Real Estate LLC*, No. 13-6730, 2015 WL 2118158, at *3 (E.D. Pa., May 1, 2015) (noting that individual plaintiffs may not plead a "pattern or practice" of discrimination as a stand-alone claim); *Galloway v. Islands Mech. Contractor, Inc.*, No. 08-071, 2013 WL 163811, at *3 (D.V.I., Jan. 14, 2013) ("This Court is persuaded by the analysis provided by the Second Circuit in *Chin*, as well as the clear weight of authority of the other circuits that have addressed this issue, that a pattern-or-practice claim is not available to individual disparate treatment plaintiffs outside of a class action context.").

Here, Plaintiff purports to assert a single disparate treatment claim based on a "pattern or practice" theory of liability.  Because the "clear weight of authority" forecloses Plaintiff from doing so, Count I should be dismissed to the extent it asserts a claim under a pattern or practice theory.

### C.  Plaintiff Lacks Standing to Assert Her Disparate Impact Claim

Plaintiff alleges that Defendants' relocation policy and "assessment and identification of the potential of its employees" have resulted in a "statistically significant disparity in the promotion rates of its older employees."  ECF No. 1, ¶ 64.  But Plaintiff does not attempt to trace any of *her* alleged injuries to these policies.  Stated otherwise, Plaintiff does not allege she was rejected for the Leader positions in February 2019 because (a) she was unwilling or unable to relocate to a different store within IKEA and/or (b) she was passed over for promotion in favor of

a younger co-worker with a higher "potential" assessment.  Plaintiff, therefore, lacks standing to assert a disparate impact claim.

The New Jersey Supreme Court held that a disparate impact claim's requirements under the NJLAD are based upon the requirements of federal law.  *Gerety v. Atl. City Hilton Casino Resort*, 184 N.J. 391, 399 (2005).  Indeed, a party bears the burden of establishing each element of standing "in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *NJ Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 239 (3d Cir. 2011) ("Each plaintiff bears the burden of demonstrating standing "with the manner and degree of evidence required at the successive stages of the litigation.").

To establish standing, a plaintiff must satisfy three elements: (i) "injury in fact"— an invasion of a legally protected interest which is (a) concrete and particularized and (b) "actual or imminent, not 'conjectural' or 'hypothetical;'" (ii) **a causal connection between the injury and the conduct complained of.  In this regard, the injury has to be "fairly ... trace[able] to the challenged action of the defendant . . . .;"** and (iii) it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."  *Id.* (citations omitted) (emphasis added).  This "'triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 346 F.3d 402, 416 (3d Cir. 2003) (quotation omitted).  A plaintiff asserting a disparate impact claim who fails to causally connect a challenged "facially neutral" policy to the alleged adverse employment decision he or she suffered fails to establish Article III standing.  *See Parker v. Univ. of Pa.*, No. 02-567, 2003 WL 23757579, at *3 (E.D. Pa. Nov. 5, 2003) ("Plaintiff does not have

standing to allege employment discrimination under a disparate impact theory if he cannot make out a claim that he was conceivably harmed by" the challenged policy).

Here, Plaintiff alleges she was denied a promotion by identifying (a) the positions to which she applied and (b) the individuals who received the position.  Plaintiff, however, avers no well-pleaded facts whatsoever (as opposed to bald legal conclusions) that attempt to trace her alleged injury (*i.e.* failure to be promoted) to the challenged "facially neutral" policies that serve as the basis for her disparate impact claim. Instead, the Complaint asserts, in the abstract, that these "policies" have "resulted in a disparate impact against older employees, including [Plaintiff]." ECF No. 1, ¶ 64.  Plaintiff fails, however, to allege that she was denied a promotion because (a) *she* expressed unwillingness to relocate to a different store and/or (b) *she* held a lower potential assessment than a younger employee who received the promotion. Indeed, a suggestion that Plaintiff was denied a promotion because of her unwillingness to relocate is facially implausible based on the fact that the promotion application at issue was for a position at a store where the Plaintiff already worked, thereby rendering any so-called relocation preference entirely meaningless.  Moreover, Plaintiff's Complaint is silent on her or the successful candidates' "potential" assessment.

Where, as here, a plaintiff asserting a disparate impact claim fails to causally connect her alleged injury to a facially neutral policy, the Court should dismiss the claim. *See, e.g.*, *NJ Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 (3d Cir. 2011) (affirming dismissal where the plaintiffs failed to adequately plead an injury in fact); *Bacon*, 370 F.3d at 577 (6th Cir.2004) (collecting cases) (noting that, as a basic requirement of standing, to state a disparate impact claim, a plaintiff must show that a facially neutral policy caused discrimination that resulted in personal injury); *Appolon v. Univ. of Miami*, No. 10-24166, 2011 WL 13223516, at *5 (S.D. Fla. March 14,

2011) (dismissing disparate impact claim as to the plaintiff who "failed to state facts sufficient to allege that" the policy at issue injured her); *Spriesch v. City of Chicago*, No. 17-1952, 2017 WL 4864913, *3 (N.D. Ill. Oct. 26, 2017) (dismissing disparate impact claim where the plaintiff failed to allege injury from practice at issue); *Nunez v. Cuomo*, 2012 WL 3241260 (E.D.N.Y. Aug. 7, 2012) (same); *Borja-Valdes v. City & Cnty. of San Francisco*, No. 14-04168, 2015 WL 5522287, at *7 (N.D. Cal. Sept. 18, 2015) (holding to have standing for disparate impact claim, the plaintiff "must show that he was personally injured . . . and that his injury will likely be redressed by the relief requested").

Here, Plaintiff has failed to causally connect her alleged injuries to the "facially neutral" policies at issue. Accordingly, Count 1 should be dismissed with prejudice to the extent it asserts a disparate impact claim.

## VI.    CONCLUSION

To the extent Count I asserts a claim based on a "pattern or practice" theory, it should be dismissed with prejudice but such claims are not permitted outside of the class action context. Any claim under Count 1 for disparate impact should also be dismissed with prejudice because Plaintiff fails to allege sufficient facts to establish standing to assert a disparate impact claim. Moreover, any claim based on promotion decisions occurring more than two years prior to the filing of the Complaint should be dismissed with prejudice.

                              **OGLETREE, DEAKINS, NASH,**
                              **SMOAK & STEWART, PC.**

                              */s/ Brandon R. Sher*
                              Paul Lancaster Adams, Esq.
                              Brandon R. Sher, Esq.
                              Joshua A. Brand, Esq.