IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBRA MILANO | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | No. 20-6307 |
| v. | : | |
| | : | |
| IKEA HOLDINGS US, INC. et al., | : | |
| Defendants. | : | |

**September 27, 2021**

**Anita B. Brody, J.**

## MEMORANDUM

Plaintiff Debra Milano brings suit against Defendant IKEA Holdings US, Inc., IKEA US Retail, LLC, and IKEA North America Services, LLC ("IKEA"), alleging that IKEA's policies discriminate on the basis of age in violation of the New Jersey Law Against Discrimination. ("NJLAD").[1] IKEA moves to dismiss the Complaint in part pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and moves to transfer the action to the District of New Jersey. For the reasons set forth below, I deny IKEA's motion to dismiss and deny IKEA's motion to transfer without prejudice.

---

[1] The Court exercises diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND

Defendant IKEA is a multinational company with retail stores across the United States. Compl. ¶¶ 5-7, ECF No. 1. Milano is a current IKEA employee who works at the IKEA store in Paramus, New Jersey. *See id.* at ¶ 3. Milano is 64 years old and has worked for IKEA since 2003. *See id.* at ¶¶ 2, 65.

In or around February 2019, Milano, then 62 years-old, applied for promotion to two open "Leader" positions at the Paramus, New Jersey IKEA store. *See id.* at ¶ 68(b). When Milano applied for the two open positions, she had over 15 years of experience with IKEA. *See id.* at ¶ 79. Milano was interviewed over the phone and was instructed by IKEA representatives to wait for a notice of an in-person interview. *See id.* at ¶ 74. IKEA never conducted an in-person with Milano. *See id.* at ¶ 76. In or around February 2019, Milano learned that she was rejected for both positions. *See id.* at ¶ 77. Instead of Milano, IKEA hired two younger people for the Leader positions. *See id.* at ¶ 78.

On December 15, 2020, Milano filed the instant Complaint. *See id*. In the Complaint, Milano asserts a disparate treatment claim under the NJLAD based on allegations that IKEA engages in a "pattern and practice of age discrimination" by maintaining policies that discriminate intentionally. *See id.* at ¶ 61. In the alternative, Milano asserts a disparate impact claim alleging that "to the extent that [IKEA's] facially neutral employment policies and practices have not been used by

[IKEA] to discriminate intentionally, the continued use of one or more of each has resulted in a disparate impact against older employees, including Plaintiff Milano . . . ." *Id.* at ¶ 64. Milano alleges that IKEA's "assessment and identification of the potential of its employees has resulted in a statistically significant disparity in the promotion rates of its older employees" ("Potential Policy") and IKEA's "policies regarding relocation have resulted in a statistically significant disparity in the promotion rates of its older employees." ("Relocation Policy") *Id.* [2]

## III. DISCUSSION

### A. Rule 12(b)(1) Motion to Dismiss

IKEA moves to dismiss Milano's disparate impact claim for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) on the basis that Milano lacks standing to bring these claims. *See See* Def.'s Mot. at 7, ECF No. 6-2.. "The objection that a federal court lacks subject-matter jurisdiction, see Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). A court cannot have

---

[2] In the Complaint, Milano alleges that she is an opt-in plaintiff in two of the Age Discrimination in Employment Act representative collective actions now pending before this Court: Paine v. IKEA Holding US, Inc., et al. (19-723); and Antonelli v. IKEA Holding US, Inc., et al. (19-1286). Id. at ¶ 4. The Paine and Antonelli collective actions assert both disparate treatment and disparate impact claims against IKEA. See Paine v. IKEA Holding US, Inc., et al. (19-723), Compl., ECF No. 1; Antonelli v. IKEA Holding US, Inc., et al. (19-1286), Compl., ECF No. 1. In the present case, Milano alleges that IKEA's discriminatory practices continued after the time periods at issue in Paine and Antonelli. See Compl. ¶¶ 61-62.

subject matter jurisdiction over a plaintiff who lacks standing. *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 269 (3d Cir. 2016).

A plaintiff bears the burden of establishing the three elements of standing: that he or she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc.*, 578 U.S. at 1547. IKEA challenges the causation, or traceability, requirement for standing, arguing that Milano cannot trace her alleged injuries to the facially neutral Potential and Relocation Policies. *See* Def.'s Mot. at 7, ECF No. 6-2. IKEA contends that Milano fails "to allege that she was denied a promotion because (a) *she* expressed unwillingness to relocate to a different store and/or (b) *she* held a lower potential assessment than a younger employee who received the promotion." *Id.*

To overcome a 12(b)(1) challenge for lack of standing, "'a complaint must contain sufficient factual matter' that would establish standing if accepted as true." *In re Horizon*, 846 F.3d at 633 (quoting *Iqbal*, 556 U.S. at 678). Milano need not show <u>probable</u> causation, but instead must allege facts that "nudge" her claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 547.

For the purposes of establishing standing at this stage of the litigation, Milano's complaint sufficiently establishes a plausible causal connection between her failure to be promoted and IKEA's policies. Milano alleges that she sought

promotions and was rejected by IKEA. *Id.* at ¶ 68(b). She alleges that IKEA has policies that discriminate intentionally, or in the alternative, disparately impact Milano and all older employees when seeking promotions. *Id.* at ¶¶ 52, 64. In particular, Milano alleges that: (1) IKEA used "potential" as a proxy for youth "to assess promotability in an age-biased manner"; and (2) IKEA asks all applicants about their willingness to relocate and considers willingness to relocate in deciding whom to promote, even for positions that do not require relocation *Id.* at ¶ 52 (e), (q). Milano alleges that these policies have "resulted in a disparate impact against older employees, including Plaintiff Milano." *Id.* at ¶ 64.

These facts are sufficient to show a plausible causal connection between Defendant's policies and Milano's repeated lack of promotion. *See Houle v. Walmart Inc.*, 447 F. Supp. 3d 261, 275 (M.D. Pa. 2020) (denying Defendant's motion to dismiss because "it is plausible that there is a causal connection between the injuries Plaintiffs allege and Defendant's policies.") Even when "[Plaintiff's] complaint is not as rich with detail as some might prefer, it need only set forth sufficient facts to support plausible claims." *Fowler v. Univ. of Pittsburgh Med. Ctr. Shadyside*, 578 F.3d 203, 211-12 (3d Cir. 2009). Therefore, I deny IKEA's motion to dismiss Milano's disparate impact claims for lack of standing.

### B. Rule 12(b)(6) Motion to Dismiss

Pursuant to Rule 12(b)(6), IKEA moves to partially dismiss: (1) Milano's disparate treatment claim for untimeliness; and (2) Milano's disparate treatment claim on the grounds that "pattern-or-practice claims are not permitted outside of the class action context." *See* Def.'s Mot. at 4-5.

In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). To survive dismissal, a complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a 'document *integral to or explicitly relied* upon in the complaint' may be considered . . . ." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). Thus, a court may consider any and all exhibits

attached to the complaint in addition to the pleadings themselves. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

### 1. Timeliness of Milano's Claim

A plaintiff must bring a claim under the NJLAD within two years of the alleged adverse employment action. *See* N.J.S.A. 2A:14-2(a); *Montells v. Haynes*, 133 N.J. 282, 298 (1993). IKEA acknowledges that Milano has alleged that her rejection in February 2019 is timely under the NJLAD. *See* Def.'s Mot. at 4-5. IKEA moves to partially dismiss Milano's claim as it relates to her rejection in February 2018. *See id.* Milano argues that the Complaint refers briefly to her rejection in February 2018 "because it is relevant evidence of IKEA's age bias." Pl.'s Resp. at 8, ECF No. 12. In the Complaint, Milano clearly states that she seeks relief only for IKEA's "2019 rejections of her applications." Compl. ¶ 71.

Because Milano only seeks relief for timely claims, IKEA's motion to dismiss claims for untimeliness is denied.

### 2. Milano' Disparate Treatment Claim

The parties disagree about whether Milano's disparate treatment claim invokes a particular method of proof known as the *Teamsters* method. In *International Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977), the Supreme Court held that in class action or government-initiated employment discrimination cases, plaintiffs may prove a prima facie violation of the ADEA by

showing a pattern and practice of systemic discrimination. This became known as the "pattern or practice" or "*Teamsters*" method. *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 147 (2d Cir. 2012). After the Plaintiff proves "unlawful discrimination has been a regular procedure or policy followed by an employer or group of employers," and that an individual unsuccessfully applied for a job, the burden shifts to the employer to prove that "the individual applicant was denied an employment opportunity for lawful reasons." *Teamsters*, 431 U.S. at 360-62. IKEA contends that Count I of Milano's Complaint raises a *Teamsters* claim that is not permitted outside of the class action context, and must therefore be dismissed. Def.'s Mot. at 5. Milano argues that she does not advance a *Teamsters* "pattern-or-practice" claim, but instead relies on "[IKEA's] 'pattern or practice' of age discrimination" as only part of a "variety of evidence" supporting her individual claim of disparate treatment. Pl.'s Resp. at 10.

The Supreme Court and the Third Circuit have never addressed whether the method established in *Teamsters* can be used by private, non-class plaintiffs, but the circuits that have addressed have found that it can not.[3] The same courts have

---

[3] *See Chin*, 685 F.3d at 151 ("[W]e now hold that the pattern-or-practice method of proof is not available to nonclass, private plaintiffs in cases such as the one before us."); *Semsroth v. City of Wichita*, 304 F. App'x 707, 716-17 (10th Cir. 2008) ("[T]he pattern-or-practice method should be reserved for government actions or plaintiffs in class actions to establish the presence of a discriminatory policy, rather than to prove an individual claim."); *Bacon v. Honda of Am. Mfg.*, 370 F.3d 565, 575 (6th Cir. 2004) ("We therefore hold that the pattern-or-practice method of proving discrimination is not available to individual plaintiffs."); *Lowery v. Circuit City Stores, Inc.*, 158 F.3d 742, 761 (4th Cir. 1998) (vacated on other grounds) ("[W]e decline to give

stated, however, that relevant evidence of a pattern and practice of discrimination may be used by non-class plaintiffs <u>in support of</u> individual disparate treatment claims. *See, e.g.*, *Chin*, 685 F.3d at 149 ("Evidence of an employer's general practice of discrimination may be highly relevant to an individual disparate treatment or to a disparate impact claim."); *Bacon*, 370 F.3d at 575 (emphasizing that although a pattern-or-practice claim is unavailable to individual plaintiffs, "pattern-or-practice evidence may be relevant to proving an otherwise-viable individual claim for disparate treatment"). Therefore, although Milano lacks authority to bring a *Teamsters* claim, she may nevertheless plead a pattern or practice of discrimination as evidence in support of her individual claims for disparate treatment.

Milano appears to invoke IKEA's alleged discriminatory pattern not to refer to the *Teamsters* method, but as substantive proof for her disparate treatment claims. In the Complaint, Milano alleges individual instances of disparate treatment.  Count I of the Complaint states an individual disparate treatment claim under the NJLAD.  See Compl. ¶¶ 85-86.  Milano merely seeks to use evidence of IKEA's alleged discriminatory pattern and practices as proof for her disparate

---

individual plaintiffs a pattern or practice cause of action or allow them to use the Teamsters method of proof."); *Gilty v. Vill. of Oak Park*, 919 F.2d 1247, 1252 (7th Cir. 1990) (noting that because Plaintiff filed an individual claim instead of a class action, "his evidence of a pattern and practice "can only be collateral to evidence of specific discrimination against the actual plaintiff") (internal quotations omitted).

treatment claim. Whether that disparate treatment is sufficiently borne out by the evidence collected in discovery is not a question for this stage of litigation. Because Milano asserts a disparate treatment claim and does not invoke the *Teamsters* method of proof, I deny IKEA's motion to dismiss on this ground.

### C. Motion to Transfer

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In deciding whether to transfer a case, a court must consider "the private and public interests protected by the language of § 1404(a)." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Although the Third Circuit lists public and private factors in *Jumara*, they are not the only factors that may be considered. *Id.* ("[T]here is no definitive formula or list of the factors to consider . . . ."). A key factor that courts consider is conservation of judicial and party resources. *See Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960); *Jones v. Custom Truck & Equipment, LLC*, No. 10-611, 2011 WL 250997, at *4 (E.D. Va. Jan. 25, 2011); *Am. Greetings, Corp. v. Cookie Jar Entm't, Inc.*, No. 09-1056, 2009 WL 3713686, at *8 (N.D. Ohio Nov. 3, 2009). "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the

wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Cont'l Grain*, 364 at 26.

IKEA argues that the instant action should be transferred to the District of New Jersey because (1) Milano "resided and worked in New Jersey when she filed this action and currently resides in New Jersey; (2) the alleged cause of action arose in New Jersey; (3) New Jersey is the most convenient forum for both parties and fact witness; (4) none of the facts underlying [Milano's] alleged cause of action occurred in Pennsylvania; and (5) the District of New Jersey has the greatest interest in [Milano's] cause of action." Def.'s Mot. to Transfer at 1, ECF No. 7-2. Milano opposes transfer on the grounds that Milano and IKEA are already litigating the collective action cases in this Court and it is "far more convenient" to keep Milano's action in this Court. Pl.'s Resp. to Mot. to Transfer at 6, ECF No. 13-1.

Here, Milano is an opt-in plaintiff in two of the collective action cases against IKEA in this Court. *See* Compl. ¶ 4. The collective action cases are in discovery and concern the same alleged discriminatory policies as the present action. To the extent that discovery in the present action can be consolidated with the collective action cases, it is reasonable and efficient to keep the present action in this Court at this stage. Transfer might be appropriate after discovery and therefore IKEA's motion is denied without prejudice.

## IV. CONCLUSION

For the reasons set forth above, I will deny IKEA's partial motion to dismiss and deny IKEA's motion to transfer without prejudice.

s/ANITA B. BRODY, J.
ANITA B. BRODY, J.
